UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
FREDDY AYALA,

                Plaintiff,

    -against-                      **COMPLAINT**

CITY OF NEW YORK,
and JOHN DOES 1-6,

                                          **PLAINTIFF DEMANDS**
                    Defendants.       **A TRIAL BY JURY**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        Plaintiff Freddy Ayala, by his attorneys, Lumer & Neville, as and for his Complaint, hereby alleges as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

        1.    At all times hereinafter mentioned, plaintiff was an adult male and a resident of Queens County, State of New York.

        2.    At all relevant times hereinafter mentioned, defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

        3.    At all relevant times hereinafter mentioned, defendants John Doe 1 through 6, are individuals whose actual identities are not presently known to plaintiff and whom were employed by the City of New York as members of the NYPD. The Doe defendants are sued herein in their official and individual capacities.

        4.    This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331,

1343 and 1367, and 42 U.S.C. § 1983.

      5.      Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the defendant City of New York resides, and where the majority of the actions complained of herein occurred.

      6.      That plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under law.

      7.      At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

      8.      That the within action has been initiated within one year and ninety days of the happening of the events of which plaintiff complains.

## RELEVANT FACTS

      9.      On May 29, 13, 2013, at or about 7:00 a.m., plaintiff was lawfully present inside an apartment at 578 Williams Street, Brooklyn, New York (the "premises") as an invited guest, and was sitting in the living room of the apartment with two other men.

      10.      Without warning, members of the NYPD broke down the door to the apartment and rushed into the apartment.

      11.      Plaintiff and the other two people present with him were immediately seized and handcuffed.

      12.      Multiple officers, including the Doe defendants, entered the apartment and either personally seized or took custody of plaintiff and the two other males.

13. Plaintiff was searched inside the apartment by one or more of the defendants.

14. The search yielded no evidence of guns, drugs, or other contraband, in plaintiff's possession.

15. Plaintiff was not engaged in any unlawful or suspicious activity prior to or at the time of defendants' entry.

16. Plaintiff and the two men were then taken outside, and eventually transported to a local area police precinct station house.

17. While at the station house, plaintiff was searched again, finger printed and processed under arrest number K13649270. He was held in a cell throughout the day before being transported to Central Booking.

18. Plaintiff was then kept locked up in a cell at Central Booking for a period of hours.

19. Eventually the Kings County District Attorney's Office declined to prosecute plaintiff and he was summarily released from Central Booking.

20. It was objectively unreasonable for the defendants to arrest plaintiff, as there was no evidence that he had engaged in any unlawful conduct, nor could the defendants have reasonably believed that such cause existed.

21. At no time did any of the individual defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against the plaintiff.

22. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

23. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

**FIRST CAUSE OF ACTION**

24. Plaintiff repeats the allegations contained in paragraphs "1" through "23" above as though stated fully herein.

25. Defendants willfully and intentionally seized, searched, detained, and arrested plaintiff, and caused him to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed.

26. Defendants willfully and intentionally fabricated evidence and denied plaintiff a fair trial by (i) falsely claiming that plaintiff was engaged in criminal conduct or had committed a crime at the time of his arrest; (ii) forwarding this information to the Kings County Prosecutor in order to bring about and cause the criminal prosecution of the plaintiff; and by deliberately failing to intervene in their fellow officers' fabrication of this evidence.

27. By so doing, the individual defendants, individually and collectively,

subjected the plaintiff to false arrest and imprisonment, unlawful searches of person and property, and the deprivation of his right to a fair trial through the use of fabricated evidence, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

28. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

29. Plaintiff repeats the allegations contained in paragraphs "1" through "29" above as though stated fully herein.

30. Plaintiff was intentionally, willfully, maliciously and/or with reckless disregard, wrongly seized and searched, falsely arrested and imprisoned, and deprived of a fair trial through the use of fabricated evidence.

31. Defendant City of New York is therefore vicariously liable to plaintiff for the unlawful search, seizure, false arrest and imprisonment of plaintiff under the doctrine of respondeat superior.

32. By reason thereof, the municipal defendant has caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i.    on the first cause of action, actual and punitive damages in an amount to be determined at trial;

    ii.    on the second cause of action, actual damages in an amount to be determined at trial; and

    iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

    iv.    such other relief as the Court deems just and proper.

Dated:    December 30, 2013
            New York, New York

                      LUMER & NEVILLE
                      Attorneys for Plaintiff
                      225 Broadway, Suite 2700
                      New York, New York 10007
                      (212) 566-5060

                      /s/
                      _____
                      Michael B. Lumer (ML-1947)